IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02223-WYD-CBS

STAR, INC.,

    Plaintiff,

v.
vi.
QFA ROYALTIES LLC

    Defendant.

---

**ORDER GOVERNING ELECTRONIC DISCOVERY**

---

**AND NOW**, this day of _____, 2008, it is **ORDERED** as follows:

    1.    **Introduction**. In the event the parties cannot reach an agreement on how to conduct electronic discovery ("e-discovery"), the following default standards shall apply.

    2.    **E-discovery liaison**. To promote communication and cooperation between the parties, each party shall designate a single individual through whom all e-discovery requests and responses are made ("the e-discovery liaison"). If the E-discovery liaison is an employee of the parties, he or she may only be contacted with consent from counsel for that party. Regardless of whether the e-discovery liaison is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:

    a.    familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions;

b. knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues;

c. prepared to participate in e-discovery dispute resolutions; and,

d. responsible for organizing the party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

3. **Search methodology**. If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronic documents. The parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective e-discovery liaisons, who are charged with familiarity with the parties' respective systems. The parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (*e.g.*, time frames, fields, document types).

4. **Timing of e-discovery**. Discovery of electronic documents shall proceed in the following sequenced fashion:

a. after receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility electronic documents, and produce responsive electronic documents in accordance with FED.R.CIV. P. 26(b)(2);

b. electronic searches of documents identified as of limited accessibility shall not be conducted until the initial electronic document search has been completed;

c. requests for information expected to be found in limited accessibility documents must be narrowly focused with a factual basis supporting the request; and,

d. on-site inspections of electronic media under FED.R.CIV.P.34(b) shall not be permitted, absent exceptional circumstances where good cause and specific need have been demonstrated.

e. Discovery of electronic documents shall be completed no later than sixty (60) days from the date of this Order.

5. **Format**. If the parties cannot agree to the format for document production, electronic documents shall be produced to the requesting party as image files (e.g., PDF or TIFF). When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, *i.e.*, the original formatting of the document, its metadata and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate particularized need for production of electronic documents in their native format.

6. **Retention**. The parties shall negotiate an agreement that outlines the steps each party shall take to segregate and preserve the integrity of all relevant electronic documents. In order to avoid later accusations of spoliation, a FED. R. CIV. P. 30(b)(6) deposition of each party's retention coordinator may be appropriate.

The retention coordinators shall:

a. take steps to ensure that e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that electronic documents maintained by the individual custodians shall not be altered;

b. provide notice as to the criteria used for spam and/or virus filtering of e-mails and attachments; Documents filtered out by such systems shall be deemed nonresponsive so long as the criteria underlying the filtering are reasonable. Within seven (7) days of identifying the relevant document custodians, the retention coordinators shall implement the above procedures and each party's counsel shall file a statement of compliance.

7. **Privilege**. The parties agree that attorney-client privileged or work-product materials that are produced or disclosed without express intent to waive privilege or protection do not waive any such privilege. This Order shall not govern the admissibility of such documents at trial which may be heard as the issue arises at a later date. Documents identified as inadvertently produced by the disclosing party shall be promptly returned by the receiving party. If in the absence of an express waiver, the receiving party discovers materials produced by the opposing side that are reasonably believed to be subject to a privilege, it shall cease review of the materials and notify opposing counsel regarding the same and follow instructions regarding the disposition of the materials. This provision shall not affect the parties' ability to challenge any designation of any document or documents as attorney-client privileged or attorney-work product protected or the admissibility or lack thereof of any such designated document, nor shall it affect the parties' ability to compel production of attorney-work product protected documents upon the requisite showing of necessity.

8. **Costs**. The parties agree to abide by Rule 26(b)(2) of the Federal Rules of Civil Procedure with respect to allocation of discovery costs and resolution of claims for undue burden and/or expense related to production with the Court ultimately determining disputed issues between the parties.

9. This Order may be modified by the Court at its discretion or upon a showing of good cause, or by agreement of the parties in writing.

DATED at Denver, Colorado, this 1st day of October, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge